# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA GRAJEDA,<br><br>        Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>        Defendants. | CASE NO. 12-CV-1716- IEG (RBB)<br><br>**ORDER:**<br><br>**1. GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE;**<br><br>[Doc. No. 4]<br><br>**2. DENYING PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME TO RESPOND AS MOOT.**<br><br>[Doc. No. 8] |

Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), [Doc. No. 4], and Plaintiff's request for an extension of time to respond, [Doc. No. 8]. For the reasons below, Defendants' motion is **GRANTED** and Plaintiff's request is **DENIED**.

## BACKGROUND

This is a mortgage case. On June 12, 2012, Plaintiff Monica Grajeda, proceeding *pro se*, filed a complaint in San Diego County Superior Court alleging state law claims for wrongful foreclosure, slander of title, cancellation of instruments, negligence, fraud, declaratory relief, unfair business practices under California Business and Professions Code § 17200, and to quiet title. [Doc. No. 1 Ex. A.] On July 11, 2012, Defendant Federal Home Loan Mortgage

1   Corporation ("Freddie Mac") timely removed to this court as a agency of the United States under
2   28 U.S.C. §§ 1345 and 1442. [*See* Doc. No. 1 at 2.]  On July 23, 2012, Defendants filed the
3   present motion to dismiss for failure to sate a claim, [Doc. No. 8.].  Though no opposition has been
4   filed, on August 23, 2012, Plaintiff filed a declaration requesting an extension of time to retain
5   counsel, respond to Defendants' motion to dismiss, and prepare an amended complaint. [Doc. No.
6   8.]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  Motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) test the sufficiency of this required showing. *New Mexico State Investment Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011).  "Dismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." *Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1041 (9th Cir. 2011).  And though *pro se* complaints enjoy "the benefit of any doubt," *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010), Rule 8 still "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Even affording every benefit of the doubt, Plaintiff's complaint fails to allege sufficient facts to support any cognizable legal theory.  Thus, to the extent and for the additional reasons specified below, Defendants' motion to dismiss is **GRANTED**.  Further, because leave to amend is granted with ample time to retain counsel if necessary, Plaintiff's request for an extension of time is **DENIED** as moot.

### 1. Wrongful Foreclosure Claim

Wrongful foreclosure claims require allegations of credible tender. *See Alicia v. G.E. Money Bank*, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful

foreclosure."). Plaintiff makes no such allegation, [*see* Doc. No. 1-1], and thus her claim must be dismissed. *Alicia*, 2009 WL 2136969, at *3. But this failure could potentially be cured through amendment, and thus Plaintiff's wrongful foreclosure claim is **DISMISSED WITHOUT PREJUDICE**.

### 2. Quiet Title Claim

So, too, a "quiet title action is doomed in the absence of Plaintiffs' tender of the full amount owed." *Gjurovich v. Cal.*, 2010 WL 4321604, at *8 (E.D. Cal. Oct. 26, 2010). Plaintiff fails to allege tender, *see supra*, and thus her claim to quiet title fails. *Gjurovich*, 2010 WL 4321604, at *8. But because this may be cured, Plaintiff's claim to quiet title is **DISMISSED WITHOUT PREJUDICE**.

### 3. Slander of Title Claim

Slander of title claims require "(1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss." *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal.App.4th 1040, 1050 (2009). Plaintiff makes no allegation that the notice of default at issue was false; to the contrary, the complaint plainly states that Plaintiff "fell behind on her mortgage payment" before the "Notice of Default []  was entered," which appears to concede the truth of the subject publication. [Doc. No. 1-1 at 4] This deficiency is fatal here, s*ee Velasco v. Security Nat. Mortg. Co.*, 823 F.Supp.2d 1061, 1069 (D. Hawai'i 2011), but nonetheless could be cured and thus Plaintiff's slander of title claim is **DISMISSED WITHOUT PREJUDICE**.

### 4. Negligence Claim

Negligence claims require "(1) the existence of a duty to exercise due care, (2) breach of that duty, (3) causation, and (4) damages." *Bond v. Cal Western Reconveyance Corp.*, 2012 WL 2150313, at *5 (N.D. Cal. June 12, 2012) (citing *Paz v. California*, 22 Cal.4th 550, 558 (Cal. 2001)). "Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" *Wagner v. Benson*, 101 Cal.App.3d 27, 35 (Cal. 1980). Because Plaintiff does not allege that Defendants acted "beyond the domain of . . . money lender . . . no duty of care exists" and her negligence claim thus

1   fails. *Bond*, 2012 WL 2150313, at *5-6. Again, this could be cured and thus Plaintiff's negligence
2   claim is **DISMISSED WITHOUT PREJUDICE**.

### 5. Fraud Claim

To state a claim for fraud, Plaintiffs must plead: (1) a misrepresentation, (2) knowledge of its falsity, (3) intent to defraud, (4) justifiable reliance, and (5) resulting damage. *Gil v. Bank of Am., N.A.*, 138 Cal. App. 4th 1371 (Cal. 2006). Here, in federal court, allegations of fraud are subject to the particularity requirements of Federal Rule of Civil Procedure 9(b); "the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Misc. Serv. Workers, Drivers & Helpers v. Philco–Ford Corp.*, 661 F.2d 776, 782 (9th Cir. 1981) (citations omitted); *see also Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." (citation omitted)). Even most liberally construed, Plaintiff puts forth no allegations demonstrating Defendants' respective states of mind. [*See* Doc. No. 1-1.] Plaintiff thus fails to state a claim for fraud. *See Quitaro Family Trust v. OneWest Bank, F.S.B.*, 2010 WL 392312, at *11 (S.D. Cal. Jan. 27, 2010). Still, because amendment is not necessarily futile, Plaintiff's fraud claim is **DISMISSED WITHOUT PREJUDICE**.

### 6. Cancellation of Instruments Claim

Plaintiff's cancellation of instruments claim is premised on her fraud claim, [*see* Doc. No. 1-1 at 11], and is thus, for the same reasons, **DISMISSED WITHOUT PREJUDICE**. [*See supra*.]

### 7. Unfair Business Practices Claim

Unfair business practices claims under California Business and Professions Code § 17200 require allegations of a predicate violation. *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999); *accord McDonald v. Coldwell Banker*, 543 F.3d 498, 506 (9th Cir. 2008). As discussed thoughout, none of Plaintiff's asserted predicate violations is sufficiently pled, and thus neither is Plaintiff's dependant unfair business practices claim. [*See infra* and *supra*.] Accordingly, Plaintiff's unfair business practices claim is **DISMISSED WITHOUT**

1 **PREJUDICE**.

2       **8.**      **Declaratory Relief Claim**

3       Claims for declaratory relief may be dismissed "where the substantive suit would resolve
4 the issues raised by the declaratory judgment action." *Fimbres v. Chapel Mortg. Corp.*, 2009 WL
5 4163332, at *5 (S.D. Cal. Nov. 20, 2009) (internal quotation omitted). Here, the complaint fails to
6 explain how or what declaratory relief would address or provide beyond the relief requested
7 pursuant to the substantive claims. [*See* Doc. No. 1-1.] Nor does it explain how a declaratory
8 judgment would in any way resolve uncertainties aside from those that appear to constitute
9 Plaintiff's substantive claims. [*Id.*] Plaintiff's claim for declaratory relief is thus **DISMISSED**
10 **WITHOUT PREJUDICE**.

11                              **CONCLUSION**

12       For the foregoing reasons, the Court hereby **GRANTS** Defendants' motion to dismiss and
13 **DISMISSES WITHOUT PREJUDICE**. The Court further **GRANTS** Plaintiff leave to file an
14 amended complaint no later than Monday, December 3, 2012, and **DENIES AS MOOT** Plaintiff's
15 request for an extension of time to respond.

16       **IT IS SO ORDERED.**
17 **DATED:**    October 9, 2012
18                                     **IRMA E. GONZALEZ**
                                    **United States District Judge**