1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14

MONICA GRAJEDA,

Plaintiff,

vs.

BANK OF AMERICA, N.A., et al.,

Defendants.

CASE NO. 12-CV-1716- IEG (NLS)

**ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS WITH PREJUDICE**

[Doc. No. 13.]

15
16
17
18
19

Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 13.] For the reasons below, Defendants' motion is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE** without leave to amend.

20

### BACKGROUND

21
22
23
24
25
26
27
28

This is a mortgage case. Plaintiff Monica Grajeda, proceeding *pro se*, filed a complaint in San Diego County Superior Court alleging an array of state law claims, all of which relating to a purported wrongful foreclosure. [Doc. No. 1 Ex. A.] Defendants timely removed to this court, [*see* Doc. No. 1 at 2], and moved to dismiss for failure to sate a claim. [Doc. No. 8.] Plaintiff failed to file an opposition, and the Court dismissed the complaint without prejudice and with leave to amend. [*See* Doc. No. 10.] Plaintiff filed an amended complaint, [Doc. No. 12], which Defendants presently move to dismiss with prejudice, [Doc. No. 13]. Again, Plaintiff filed no opposition.

12cv1716

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) test the sufficiency of this required showing. *New Mexico State Investment Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011). "Dismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." *Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1041 (9th Cir. 2011). And though *pro se* complaints enjoy "the benefit of any doubt," *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010), Rule 8 still "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

**DISCUSSION**

Plaintiff's amended complaint fails to add any pertinent facts, much less cure the numerous deficiencies identified in the Court's previous order. Even affording every benefit of the doubt, Plaintiff's complaint again fails to allege sufficient facts to support any cognizable legal theory. In "the Ninth Circuit . . . plaintiffs do not enjoy unlimited opportunities to amend their complaints." *Stone v. Conrad Preby's*, 2013 WL 139939, at *2 (S.D. Cal. Jan. 10, 2013) (citing *McHenry v. Renne*, 84 F.3d 1172, 1174 (9th Cir.1996)). "Where . . . an amended complaint simply 'restate[s] the prior [dismissed claims] without curing their deficiencies,' the Court properly dismisses with prejudice." *Roger v. County of San Diego, Cal*., 2013 WL 1629208, at *2 (S.D. Cal. April 15, 2013) (quoting *McHenry*, 84 F.3d at 1174). Thus, and for the additional reasons specified below, Defendants' motion to dismiss is **GRANTED** and Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.

   1.   **Breach of Contract**

Plaintiff's breach of contract claim attempts to enforce the United States'

Home Affordable Modification Program ("HAMP") as a third-party beneficiary. [Doc. No. 12 at 15-17.]  "To sue as a third-party beneficiary of a contract, the third party must show that the contract reflects the express or implied intention of the parties to the contract to benefit the third party."  *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1211 (9th Cir. 2000).  Borrowers such as Plaintiff are incidental rather than intended beneficiaries under HAMP and thus lack standing to enforce HAMP as third-party beneficiaries.  *See, e.g., Escobedo v. Countrywide Home Loans, Inc.*, 2009 WL 4981618, at *3 (S.D. Cal. Dec. 15, 2009).  Accordingly, Plaintiff's breach of contract claim is **DISMISSED**.

### 2. Claims for Breach of Fiduciary Duty, Breach of Covenant of Good Faith and Fair Dealing, and Negligence

Plaintiff alleges claims for breach of fiduciary duty, breach of the covenant of good faith and fair dealing, and negligence, all premised on Defendants' failure to modify Plaintiff's loan under HAMP.  [Doc. No. 12 at 15-17.]  But Plaintiff fails to allege any duty of care, fiduciary or otherwise, owed by Defendants.  "As a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  *Spencer v. DHI Mortg. Co. , Ltd.*, 642 F.Supp.2d 1153, 1161 (E.D. Cal. 2009); *see also Wagner v. Benson*, 101 Cal.App.3d 27, 35 (Cal. 1980).  Plaintiff alleges no facts suggesting that Defendants exceeded their role as lender of money.  Because Plaintiff fails to allege any facts showing any duty owed, much less breached, Plaintiff's claims for breach of fiduciary duty, breach of the covenant of good faith and fair dealing, and negligence are **DISMISSED.**

### 3. Due Process Claims

Plaintiff alleges that Defendants' failure to modify Plaintiff's loan under HAMP constitutes a violation of Due Process under the Fifth Amendment.  [Doc. No. 12 at 17-18.]  "To be entitled to procedural due process, a party must show a liberty or property interest in the benefit for which protection is sought." *Buckingham v. Sec'y of U.S. Dep't of Agric.*, 603 F.3d 1073, 1081 (9th Cir. 2010).

1    "HAMP does not confer a protected property interest." *Phu Van Nguyen v. BAC*
2    *Home Loans Services, LP*, 2010 WL 3894986, at *4 (N.D. Cal. Oct. 1, 2010)
3    (internal quotation omitted).  Accordingly, Plaintiff's Due Process claims are
4    **DISMISSED**.

5              **5.      Claims Premised on California Penal Code Provisions**

6              Plaintiff also asserts claims under California Penal Code §§115 and 470.  [*See*
7    Doc. No. 12 at 20-26.]   "Generally, criminal statutes do not confer private rights of
8    action, and thus any party asserting such a private right bears the burden of
9    establishing its existence." *Bailey v. Clarke*, 2012 WL 6720628, at *2 (S.D. Cal.
10   Dec. 21, 2012) (citing *Stupy v. United States Postal Serv.*, 951 F.2d 1079, 1081 (9th
11   Cir. 1991)).  Here, "all such claims 'must be dismissed because Plaintiff has provided
12   no authority or argument supporting his implicit contention that he may maintain a
13   private right of action under th[ese] criminal statute[s].'" *Id.* (quoting *Yeager v. City*
14   *of San Diego Cal.*, 2007 WL 7032933, at *9 (S.D. Cal. June 1, 2007)).  Moreover,
15   "[i]t is well settled that a private citizen may not use the courts as a means of forcing
16   a criminal prosecution," *Johnson v. Wennes*, 2009 WL 1228500, at *4 (S.D. Cal.
17   May 5, 2009) (citing *United States v. Nixon*, 418 U.S. 683, 694 (1974)), and thus "an
18   individual may not bring criminal charges against someone by filing a complaint in
19   this Court," *id.* (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)); *see*
20   *also Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (private individuals lack
21   standing to assert criminal statutes).  Accordingly, Plaintiff's claims premised on
22   criminal statutes are **DISMISSED**.

23             **6.      Unfair Business Practices Claim**

24             Unfair business practices claims under California Business and Professions
25   Code § 17200 require allegations of a predicate violation.  *Cel-Tech Commc'ns, Inc.*
26   *v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999); *accord McDonald v. Coldwell*
27   *Banker*, 543 F.3d 498, 506 (9th Cir. 2008).  As discussed throughout, none of
28   Plaintiff's asserted predicate violations is sufficiently pled, and thus neither is

1  Plaintiff's dependant unfair business practices claim. [*See infra* and *supra*.]

2  Accordingly, Plaintiff's unfair business practices claim is **DISMISSED.**

3          **7.      Fraud Claims**

4          Plaintiff also assert claims for fraud in the inducement, fraud in the

5  concealment, and violation of California Civil Code section 1572 (Fraud).  [Doc.

6  No. 12 at 37-41.]  To state any claim for fraud, Plaintiffs must plead: (1) a

7  misrepresentation, (2) knowledge of its falsity, (3) intent to defraud, (4) justifiable

8  reliance, and (5) resulting damage.  *Gil v. Bank of Am., N.A.*, 138 Cal. App. 4th 1371

9  (Cal. 2006).  Here, in federal court, allegations of fraud are subject to the

10  particularity requirements of Federal Rule of Civil Procedure 9(b); "the pleader must

11  state the time, place and specific content of the false representations as well as the

12  identities of the parties to the misrepresentation." *Misc. Serv. Workers, Drivers &*

13  *Helpers v. Philco–Ford Corp.*, 661 F.2d 776, 782 (9th Cir. 1981) (citations omitted);

14  *see also Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)

15  ("Averments of fraud must be accompanied by 'the who, what, when, where, and

16  how' of the misconduct charged." (citation omitted)).  Even most liberally

17  construed, Plaintiff puts forth no allegations demonstrating Defendants' respective

18  states of mind.  [*See* Doc. No. 12 at 37-41.]  Plaintiff thus fails to state any claim for

19  fraud.  *See Quitaro Family Trust v. OneWest Bank, F.S.B.*, 2010 WL 392312, at *11

20  (S.D. Cal. Jan. 27, 2010).  Thus, Plaintiff's fraud claims are **DISMISSED**.

21          **8.      Wrongful Foreclosure Claims**

22          Wrongful foreclosure claims require allegations of credible tender.[1]  *See*

23  *Alicia v. G.E. Money Bank*, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009)

24  ("When a debtor is in default of a home mortgage loan, and a foreclosure is either

25  pending or has taken place, the debtor must allege a credible tender of the amount of

26  _____

27          [1]      In addition to Plaintiff's seventh cause action expressly titled "wrongful foreclosure," [*see* Doc. No. 12 at 33-37], Plaintiff's claims premised on California Civil

28  Code sections 2923 and 2924, [*see* Doc. No. 12 at 20], constitute wrongful foreclosure claims and thus fail for lack of tender.  *See Small v. Mortgage Electronic Registration Systems, Inc.*, 2010 WL 3719314, at *14 (E.D. Cal. Sept. 16, 2010).

the secured debt to maintain any cause of action for wrongful foreclosure.").
Plaintiff again fails to make any such allegation and thus her wrongful foreclosure
claims are **DISMISSED**.

### 9.     Quiet Title Claim

So too, a "quiet title action is doomed in the absence of Plaintiffs' tender of
the full amount owed." *Gjurovich v. Cal.*, 2010 WL 4321604, at *8 (E.D. Cal. Oct.
26, 2010).  Because Plaintiff fails to allege tender, *see supra*, her claim to quiet title
fails, *Gjurovich*, 2010 WL 4321604, at *8, and is thus **DISMISSED**.

### 10.     Slander of Title Claim

Slander of title claims require "(1) a publication, (2) which is without
privilege or justification, (3) which is false, and (4) which causes direct and
immediate pecuniary loss." *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173
Cal.App.4th 1040, 1050 (2009).  Plaintiff makes no allegation that the notice of
default at issue was false. [*See* Doc. No. 12.]  This deficiency is fatal, s*ee Velasco v.
Security Nat. Mortg. Co*., 823 F.Supp.2d 1061, 1069 (D. Hawai'i 2011), and thus
Plaintiff's slander of title claim is **DISMISSED**.

### 11.     Declaratory Relief Claim

Claims for declaratory relief may be dismissed "where the substantive suit
would resolve the issues raised by the declaratory judgment action." *Fimbres v.
Chapel Mortg. Corp*., 2009 WL 4163332, at *5 (S.D. Cal. Nov. 20, 2009) (internal
quotation omitted).  Here, the complaint fails to explain how or what declaratory
relief would address or provide beyond the relief requested pursuant to the
substantive claims.  [*See* Doc. No. 12.]  Nor does it explain how a declaratory
judgment would in any way resolve uncertainties aside from those that appear to
constitute Plaintiff's substantive claims.  [*Id*.]  Plaintiff's claim for declaratory relief
is thus **DISMISSED**.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to

1   dismiss.  Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE** without

2   leave to amend.  The clerk of the court is directed to close the case.

3          **IT IS SO ORDERED.**

4   **DATED:**   June 10, 2013

    **IRMA E. GONZALEZ**
    **United States District Judge**